IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KINDALL LEIGH DONEHUE and ANDREW JOSEPH DONEHUE, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>APACHE CORPORATION,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. CIV-21-710-D<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

COMES NOW, Plaintiffs, Kindall Leigh Donehue and Andrew Joseph Donehue (the "Donehues") for their causes of action against Defendant Apache Corporation, individually and as successor to Harper-Turner Oil Company, Harper Oil Company, and/or MidCon Central Exploration Company, allege and state the following:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiffs, the Donehues, are property owners and residents of 3900 Braxton Way, Edmond, Oklahoma County, Oklahoma 73034 ("Donehues' Property").

2. Apache Corporation is a foreign corporation incorporated under the laws of the State of Delaware, with its principal place of business in Houston, Texas. Defendant may be served with process through its registered agent for service: The Corporation Company, 1883 S. Morgan Road, Oklahoma City, Oklahoma 73128.

3. Apache Corporation is the successor in interest to Harper-Turner Oil Company and Harper Oil Company.

4. Jurisdiction is proper in this Court pursuant to 28 U.S. §1332(a). The amount in controversy exceeds $75,000, exclusive of interest and costs and is between citizens of different States.

5. Apache Corporation is also the successor in interest to MidCon Central Exploration Company. For ease of reference, collectively and individually, Apache Corporation, Harper-Turner Oil Company, Harper Oil Company, and/or MidCon Central Exploration Company (as former owner(s) and operator(s) of oil and gas well(s) on or near the Donehues' Property) will be referred to herein as "Apache."

6. The real property which is the subject of this action is located in Oklahoma County, Oklahoma, and, accordingly, venue is proper in this Court.

7. At all times relevant to the claims asserted herein, Apache was/is a producing owner or operator of oil and/or gas wells in the State of Oklahoma.

## BACKGROUND

8. Beginning in the 1950's, Apache drilled and acted as the owner/operator of certain oil and gas wells on and near the Donehues' Property. Apache continued to operate the oil and gas wells on and near the Donehues' Property through the 1980s.

9. During Apache's operation of the oil and gas wells on and near the Donehues' Property, Apache also owned and operated disposal pits and lines associated with oil and gas wells and operations on and near the Donehues' Property.

10. Apache's disposal pits and lines contained saltwater and other substances associated with the production of hydrocarbons.

11. During Apache's operations on and near the Donehues' Property, Apache allowed and/or caused saltwater and other substances to flow over, across and beneath the surface of the Donehues' Property and surrounding areas.

12. During Apache's operations on and near the Donehues' Property, Apache did nothing to prevent or abate saltwater and other substances from flowing over, across and beneath the surface of the Donehues' Property and surrounding areas.

13. The Donehues' Property, including the water underneath the Donehues' Property, is damaged and/or contaminated as a result of Apache's acts and/or omissions.

14. The damage and/or contamination of the Donehues' Property and surrounding areas from the acts and/or omissions of Apache created a single, indivisible injury.

15. Apache's acts and/or omissions continue to be a source of damage and contamination to the Donehues' Property and the surrounding areas.

16. Apache's acts and/or omissions contaminated the water beneath, and surrounding, the Donehues' Property in excess of applicable drinking water standards.

17. Apache failed to properly and/or reasonably operate, manage and/or abandon its oil and gas operations at and/or near the Donehues' Property by allowing saltwater and other contaminants to flow across the surface of the land, contaminate the surface and subsurface, and damage the Donehues' Property, and the waters of the State of Oklahoma, including the waters of the State of Oklahoma beneath the Donehues' Property.

18. Apache failed to place Plaintiffs and/or the public on notice of its acts and/or omissions, and/or the damage and contamination to the Donehues' Property or surrounding areas.

19. The Donehues purchased the Donehues' Property without knowledge or notice of Apache's acts and/or omissions that damaged the Donehues' Property, including their home and water supply, and impacted their quality of life.

## CAUSES OF ACTION

### Count 1: Damage to Real Property

20. The Donehues incorporate the allegations set forth above as if fully set forth herein.

21. Apache's acts and/or omissions described above impacted and damaged the Donehues' Property, including their home and personal property.

22. Apache's acts and/or omissions diminished the value and use of the Donehues' Property, including their home and personal property for which the Donehues are entitled to recover damages.

23. Apache's acts and/or omissions caused the Donehues to incur economic losses.

24. Apache's acts and/or omissions damaged the aquifer and/or water beneath the Donehues' Property utilized by the Donehues (and the public) for residential and/or domestic purposes.

25. The Donehues are entitled to damages and other appropriate relief as a result of the damage to their real property.

**Count 2: Nuisance, Nuisance Per Se, and Public Nuisance**

26. The Donehues incorporate the allegations set forth above as if fully set forth herein.

27. Apache's acts and/or omissions resulted in pollution of the waters of the State of Oklahoma.

28. Pollution of the waters of the State of Oklahoma, including groundwater, violates the law and public policy of Oklahoma and is a public nuisance *per se*. See 27A Okla. Stat. § 2-6-105(A).

29. As a result of Apache's acts and omissions described herein, the Donehues suffered a special and unique injury, different from the population at large, by, among other things, damaging their water supply.

30. Apache's acts and/or omissions described herein, unreasonably interfered with the Donehues' convenience, comfort, use and enjoyment of their property.

31. Apache's acts and/or omissions resulted in inconvenience, annoyance and discomfort for the Donehues and the public.

32. Apache's acts and/or omissions resulted in pollution of the Donehues' Property.

33. Apache's acts and/or omissions rendered the Donehues insecure in their use and enjoyment in their property and the water supply.

34. Apache's acts and/or omissions resulted in a public and private nuisance.

35. Apache's creation of a nuisance, maintenance of a nuisance and failure to abate the nuisance diminished the Donehues' ability to enjoy their property.

36. The Donehues are entitled to damages and other appropriate relief as a result of the damage to their real property, including without limitation diminution in property value, damages associated with their annoyance, inconvenience and discomfort, costs necessary to abate or otherwise remedy the public and private nuisance, and other damages for injury to their real and personal property.

### Count 3: Trespass

37. The Donehues incorporate the allegations set forth above as if fully set forth herein.

38. Apache's acts and/or omissions caused contaminants, substances and/or pollutants to enter, unlawfully and without permission, authority or consent, upon and beneath the Donehues' Property.

39. Apache's acts and/or omissions continue to cause contaminants, substances and/or pollutants to enter and/or remain, unlawfully and without permission, authority or consent, upon and beneath the Donehues' Property.

40. Apache's acts or omissions constitute trespass which injured and damaged the Donehues' Property and continue to do so today.

### Count 4: Negligence, Negligence Per Se and/or Failure to Warn

41. The Donehues incorporate the allegations set forth above as if fully set forth herein.

42. Apache owed a duty of care to, and a duty to warn, the Donehues and the public of its acts and/or omissions described herein.

43. Apache's acts and/or omissions described herein resulted in Apache failing to properly exercise or perform its duties.

44. Apache's acts and/or omissions caused harm and damage to the Donehues' Property, the groundwater beneath and near the Donehues' Property, and the waters of the State of Oklahoma.

45. Apache failed to comply with its duties to the Donehues and their property.

46. Apache's failure to comply with its duties resulted in an unreasonable risk of injury and caused damage to the Donehues' Property.

47. Apache's acts and/or omissions violated Oklahoma's laws and regulations.

48. Apache's acts and/or omissions violated Oklahoma laws and regulations, including without limitation, 52 Okla. Stat. § 296, and other regulations promulgated by the OCC pursuant to its authority to regulate oil and gas operations within the State of Oklahoma, and accordingly, constitute negligence *per se*.

49. Defendant's acts and/or omissions were the actual and proximate cause of the Donehues' damages as described herein.

50. As a result of Apache's acts and/or omissions described herein, Apache failed to comply with its duties, the laws of the State of Oklahoma, and caused the Donehues to suffer injury, damages, and financial harm.

### Count 5: Unjust Enrichment

51. The Donehues incorporate the allegations set forth above as if fully set forth herein.

52. Apache was aware that its acts and/or omissions contaminated and/or polluted the soil and water at or near the Donehues' Property.

53. Apache did not act to abate the contamination or pollution of the soil and water at or near the Donehues' Property.

54. By failing to abate the contamination or pollution, Apache avoided expenses associated with proper contamination and/or pollution abatement at the expense of the Donehues and the public.

55. Apache avoided expenditures associated with the investigation, sampling, monitoring, abatement and/or remediation resulting in a financial benefit to Apache to the detriment of the Donehues and the public.

56. It would be unjust to allow Defendant to retain the value of the expenditures saved at the expense of Plaintiffs.

### Count 6: Constructive Fraud

57. The Donehues incorporate the allegations set forth above as if fully set forth herein.

58. Apache owed duties to Donehues and the public to investigate, abate and/or remediate its contamination and/or pollution of the soil and water at or near the Donehues' Property.

59. Apache misled the Donehues and the public to believe the soil and water at or near the Donehues' Property was not contaminated and/or polluted.

60. Apache misled the Donehues and the public to believe the soil and water at or near the Donehues' Property was/is free from contaminants or pollutants.

61. Apache misled the Donehues and the public to believe it had responsibly, reasonably and/or properly maintained its oil and gas wells and related facilities.

62. Apache had information regarding the contamination and/or pollutants released into the water and/or soil at or near the Donehues' Property.

63. Apache had a duty to disclose to the Donehues and the public its contamination and/or pollution at or near the Donehues' Property.

64. The Donehues and the public had an underlying right to be informed of the contamination and/or pollution caused by Apache which precluded use of the property for residential purposes.

### Count 7: Punitive Damages

65. The Donehues incorporate the allegations set forth above as if fully set forth herein.

66. The acts and omissions of Apache were willful, malicious, reckless and done in wanton disregard of the Donehues' rights, the Donehues' Property, the public's rights and the waters of the State of Oklahoma.

67. Apache's willful, malicious, reckless and wanton conduct should entitle the Donehues to recover punitive damages from Apache.

68. The Donehues are entitled to have any cap on punitive damages waived.

### **PRAYER FOR RELIEF**

WHEREFORE, the Donehues pray that this Court enter judgment against Apache (in an amount in excess of $75,000 exclusive of interest and costs) on each and every claim set forth above, including without limitation diminution in value; damages caused by

Apache's acts and/or omissions; loss of use and enjoyment; stigma; costs of restoration; annoyance and inconvenience; cost to repair, replace and/or depreciation; costs to abate; attorneys' fees; punitive damages and/or costs; and such other relief as this Court deems just, equitable and proper.

JURY TRIAL DEMANDED
ATTORNEYS FEE LIEN CLAIMED

Respectfully submitted,

 /s/ Corey A. Neller
PHILLIP G. WHALEY, OBA #13371
PATRICK R. PEARCE, JR., OBA #18802
COREY A. NELLER, OBA #19534
**RYAN WHALEY**
400 North Walnut Avenue
Oklahoma City, OK 73104
(405) 239-6040
(405) 239-6766 FAX
pwhaley@ryanwhaley.com
rpearce@ryanwhaley.com
cneller@ryanwhaley.com

*Attorneys for Plaintiffs*