IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KINDALL LEIGH DONEHUE and ANDREW JOSEPH DONEHUE, husband and wife,<br><br>          Plaintiffs,<br><br>v.<br><br>APACHE CORPORATION,<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. CIV-21-710-D<br>)<br>)<br>)<br>)<br>) |

# ORDER

Before the Court is Defendant Apache Corporation's Objections to and Motion to Strike Plaintiffs' Designations of Deposition Testimony to be Used at Trial [Doc. No. 93]. Plaintiffs filed a Response [Doc. No. 114]. Also before the Court is Defendant's Objections to and Motion to Strike Plaintiffs' Counter-Designations of Deposition Testimony to be Used at Trial [Doc. No. 103], to which Plaintiffs filed a Response [Doc. No. 115]. Both matters are fully briefed and at issue.

**I.      Plaintiffs' Designation of Leslie Mullin's Deposition Transcript in Full**

In their Deposition Designations, Plaintiffs designated the entire transcript of the deposition of Defendant's corporate representative, Leslie Mullin, taken on April 20, 2022 [Doc. No. 83]. Pursuant to FED. R. CIV. P. 32(a)(1):

> At a hearing or trial, all or part of a deposition may be used against a party on these conditions: (A) the party was present or represented at the taking of the deposition or had reasonable notice of it; (B) it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were

1

      present and testifying; and (C) the use is allowed by Rule 32(a)(2) through (8).

FED. R. CIV. P. 32(a)(1). Rule 32(a)(3) provides that "[a]n adverse party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4)." FED. R. CIV. P. 32(a)(3).

      Notwithstanding Plaintiffs' ability to use Ms. Mullin's deposition for any purpose regardless of her availability to testify at trial, the Court instructs Plaintiffs to identify the relevant portions of Ms. Mullin's deposition and provide page and line designations of testimony which Plaintiffs intend to offer. *See Pursche v. Atlas Scraper & Engineering Co.*, 300 F.2d 467, 488 (9th Cir. 1961) (even where an adverse party's deposition may be used for any purpose, "as a general rule the better practice is for the court in the first instance to require counsel to specify the particular portions that are deemed relevant and to limit the offer accordingly."); *see also Harvill Industries, Ltd. v. ADCOR Industries, Inc.*, 2009 WL 1227727, at *1 (N.D. Okla. May 1, 2009) (citing *Coletti v. Cudd Pressure Control*, 165 F.3d 767, 773 (10th Cir. 1999)) ("Despite [Rule 32], the admission of deposition testimony remains subject to the sound discretion of the trial court, which 'has a perfect right to limit the use of the material if [the deposition] is repetitious or immaterial.'"). For these reasons, Defendant's Motion to Strike Plaintiffs' Designations of Deposition Testimony is granted as set forth herein.

## II. Plaintiffs' Counter-Designations of Plaintiffs' and Plaintiffs' Experts' Depositions in Full

In its Designations of Deposition Testimony to be Used at Trial [Doc. No. 90], Defendant designated by page and line excerpts from the depositions of Plaintiffs, Kindall and Andrew Donehue, and Plaintiffs' experts, Bert Smith, John Paul Dick, and Randall Grip. In response, Plaintiffs provided that all five individuals were available to testify at trial and, to the extent necessary, Plaintiffs counter-designated the five deposition transcripts in full [Doc. No. 92]. Defendant has moved to strike Plaintiffs' counter-designations for lack of specificity [Doc. No. 103].

Plaintiffs contend that their experts' availability to testify at trial obviates the need for Defendant to designate the experts' deposition testimony. Although Defendant may impeach Plaintiffs' experts without first designating deposition testimony, if Plaintiffs find it necessary to counter-designate deposition testimony, they must do so by page and line. And, as noted above, even though Plaintiffs will likely testify at trial, Defendant may use excerpts of Plaintiffs' depositions for any purpose. *See* FED. R. CIV. P. 32(a)(3). To that end, if Plaintiffs wish to counter-designate Plaintiffs' deposition testimony, they must sufficiently specify the testimony counter-designated by page and line, and comply with FED. R. CIV. P. 32.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Strike Plaintiffs' Designations of Deposition Testimony [Doc. No. 93] is **GRANTED** as set forth herein. Plaintiffs shall file Amended Designations of Deposition Testimony within fourteen (14)

days of this Order. Thereafter, Defendant may file an Objection and/or Counter-Designations of Deposition Testimony within fourteen (14) days.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike Plaintiffs' Counter-Designations of Deposition Testimony to be Used at Trial [Doc. No. 103] is **GRANTED** as set forth herein. Should Plaintiffs wish to counter-designate deposition testimony, they must do so with sufficient specificity and within fourteen (14) days of this Order. Thereafter, Defendant may file an Objection within fourteen (14) days.

**IT IS SO ORDERED** this 2nd day of August, 2023.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge