## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KINDALL LEIGH DONEHUE and<br>ANDREW JOSEPH DONEHUE, husband<br>and wife,<br><br>    Plaintiffs,<br><br>v.<br><br>APACHE CORPORATION,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-21-710-D |

## <u>ORDER</u>

Before the Court is Defendant's Motion to Bifurcate [Doc. No. 120]. Plaintiffs filed a response [Doc. No. 124], and Defendant filed a reply [Doc. No. 129]. The matter is fully briefed and at issue.

## BACKGROUND

Plaintiffs purchased a tract of land in the Coffee Creek Hills addition in Edmond, Oklahoma in 2017. After drilling a water well for their home, they discovered that the water being produced from the well contained contaminants that made it unsuitable for drinking and other domestic uses. They drilled a second water well, which has also shown signs of contamination.

Plaintiffs blame oil and gas operations occurring from the 1950s to 1980s for the groundwater contamination. Their theory is that operators were storing produced saltwater in unlined pits that allowed contaminants to slowly leach into the groundwater below. Plaintiffs seek to hold Apache – one of several operators involved in this area – liable for the

contamination. Apache acquired and briefly operated producing wells in the area in the mid-80s but ceased its operations decades before Plaintiffs purchased their property.

The Court previously granted summary judgment in favor of Apache on Plaintiffs' claims for private nuisance, damage to real property, constructive fraud, direct negligence, and direct trespass. Plaintiffs' claims of public nuisance, successor liability for negligence, and successor liability for trespass remain for trial.

Defendant seeks trifurcation of the trial on Plaintiffs' remaining claims. Specifically, Defendant requests that this matter be tried in three stages as follows:

> The first stage should resolve (1) the merits of Plaintiffs' legal claims, (2) compensatory damages (if any) for those legal claims, and (3) whether Plaintiffs can recover punitive damages for any of those claims. Those issues should be tried to a jury. The second stage – which, if necessary, will also be tried to a jury – should resolve the issue of the amount of punitive damages Plaintiffs can recover. And the third stage – which, if necessary, will be tried to the Court outside the presence of the jury – should resolve Plaintiffs' requests for equitable relief (abatement and unjust enrichment).

Def.'s Mot. at 1-2.

## STANDARD OF DECISION

"For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues…." FED. R. CIV. P. 42(b). "In deciding whether to bifurcate a trial a court should consider the following factors: (1) judicial economy; (2) convenience to the parties; (3) expedition; and (4) avoidance of prejudice and confusion." *Ecrix Corp. v. Exabyte Corp.*, 191 F.R.D. 611, 613 (D. Colo. Mar. 10, 2000). The ultimate decision to bifurcate a trial is within the "broad discretion" of the trial court,

and the "party seeking separate trials bears the burden of proving that bifurcation is necessary." *See E.E.O.C. v. Pitre, Inc.*, 908 F.Supp.2d 1165, 1171 (D.N.M. Nov. 30, 2012); *see also Green Const. Co. v. Kansas Power & Light Co.*, 1 F.3d 1005, 1011 (10th Cir. 1993).

## DISCUSSION

### i.    Punitive Damages

If the jury determines that Defendant acted with reckless disregard for the rights of others in the first stage of trial, Defendant requests that the issue of the amount of punitive damages, if any, be tried in a second stage. Plaintiffs do not object, so long as the same jury decides both stages.

The two-stage trial procedure for punitive damages, provided by Okla. Stat. tit. 23, § 9.1, may be used in federal trials at the discretion of the presiding judge. *See Shugart v. Cent. Rural Elec. Co-op*, 110 F.3d 1501, 1504 (10th Cir. 1997); *see also Bannister v. State Farm Mut. Auto Ins. Co.*, 692 F.3d 1117, 1124-25 n.9 (10th Cir. 2012) (recognizing the use of Oklahoma's two-step procedure under § 9.1). The Court has found previously that the two-stage procedure "provides a fair solution to the evidentiary problem" where "evidence that may be relevant to an award of punitive damages is inadmissible for other purposes." *Shadid v. Aspen Specialty Ins. Co.*, Case No. CIV-15-595-D, 2018 WL 3420816, at *3 (W.D. Okla. July 13, 2018).

Here, evidence related to Defendant's financial condition would be relevant to the amount of punitive damages warranted, if any, but inadmissible and irrelevant to Plaintiffs' underlying claims. Accordingly, the Court will utilize the two-stage trial procedure set out in Okla. Stat. tit. 23, § 9.1.

ii.     **Unjust Enrichment and Abatement**

Defendant requests a third stage of trial for the equitable issues of unjust enrichment and abatement. Plaintiffs argue that the separation of equitable issues would cause significant delay, expense, and inconvenience to the parties. The Court agrees. Upon consideration of the factors outlined in *Ecrix*, 191 F.R.D. at 613, the Court finds that conducting a separate stage of trial for Plaintiffs' equitable remedies would not serve judicial economy or expedite the trial. Rather, a separate stage for equitable remedies would likely cause duplication of evidence and require the same experts and witnesses to testify twice. Defendant argues that "[a]llowing Plaintiffs to present any evidence specific to their requests for equitable relief risks unduly prejudicing Apache and confusing the jury because such evidence is irrelevant to the issues the jury must actually resolve." Def.'s Mot. at 7. Beyond this statement, Defendant has not explained how the evidence related to abatement and unjust enrichment would prejudice Apache or confuse the jury. And, the Court is confident that any potential confusion with respect to which questions are to be decided by the jury can be remedied with appropriate jury instructions. For these reasons, the Court declines to conduct a separate stage of trial for equitable remedies.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion to Bifurcate [Doc. No. 120] is **GRANTED IN PART** and **DENIED IN PART** as set forth herein.

4

**IT IS SO ORDERED** this 7th day of November, 2023.

 

TIMOTHY D. DeGIUSTI
Chief United States District Judge