## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KINDALL LEIGH DONEHUE and ANDREW JOSEPH DONEHUE, husband and wife, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. CIV-21-710-D |
| APACHE CORPORATION, | ) ) | |
| Defendant. | ) ) | |

## ORDER

Before the Court is Plaintiffs' Motion in Limine [Doc. No. 79], to which Defendant responded [Doc. No. 99]. Also before the Court is Defendant's Motion in Limine [Doc. No. 86], to which Plaintiffs responded [Doc. No. 104], and Defendant replied [Doc. No. 111]. Both matters are fully briefed and at issue.

## BACKGROUND

The facts of the present case are more fully set out in the Court's Order granting in part and denying in part Defendant's motion for summary judgment [Doc. No. 68] and will not be restated at length. In summary, Plaintiffs purchased a tract of land in the Coffee Creek Hills addition in Edmond, Oklahoma in 2017. After drilling a water well for their home, they discovered that the water being produced from the well contained contaminants that made it unsuitable for drinking and other domestic uses. They drilled a second water well, which has also shown signs of contamination.

1

Plaintiffs blame oil and gas operations occurring from the 1950s to 1980s for the groundwater contamination. Their theory is that operators were storing produced saltwater in unlined pits that allowed contaminants to slowly leach into the groundwater below. Plaintiffs seek to hold Defendant – one of several operators involved in this area – liable for the contamination. Defendant acquired and briefly operated producing wells in the area in the mid-80s but ceased its operations decades before Plaintiffs purchased their property.

The Court previously granted summary judgment in favor of Defendant on Plaintiffs' claims for private nuisance, damage to real property, constructive fraud, direct negligence, and direct trespass [Doc. No. 68]. Plaintiffs' claims of public nuisance, successor liability for negligence, and successor liability for trespass remain.

## LEGAL STANDARD

Although motions in limine are not formally recognized under the Federal Rules, district courts have long recognized the potential utility of pretrial rulings under the courts' inherent powers to manage the course of trial proceedings. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). "A motion in limine presents the trial court with the opportunity 'to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.'" *Wilkins v. Kmart Corp.*, 487 F.Supp.2d 1216, 1218 (D. Kan. Apr. 10, 2007) (quoting *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)). Although such pretrial rulings can save time and avoid interruptions at trial, "a court is almost always better situated during the actual trial to assess the value and utility of evidence. Consequently, a court should reserve its rulings for those instances when the evidence plainly is 'inadmissible on all potential grounds' … and

2

it should typically defer rulings on relevancy and unfair prejudice objections until trial when the factual context is developed[.]" *Id.* (citations omitted); *see also Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. Aug. 25, 1993) ("Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context.").

Some in limine rulings, such as relevance, are preliminary in nature because the required balancing may be reassessed as the evidence is actually presented. Accordingly, "[a] district court 'may change its ruling at any time for whatever reason it deems appropriate.'" *United States v. Martinez*, 76 F.3d 1145, 1152 (10th Cir. 1996) (quoting *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995)); *see also Luce*, 469 U.S. at 41 ("The ruling is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the defendant's proffer. Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling.").

"A motion in limine should address specific evidence that is irrelevant, inadmissible or prejudicial. Thus, motions in limine that generally lack specificity as to particular evidence are properly denied." *Shotts v. GEICO General Ins. Co.*, CIV-16-1266-SLP, 2018 WL 4832625, at *1 (W.D. Okla. July 12, 2018) (citing *Kinzey v. Diversified Servs., Inc.*, No. 15-1369-JTM, 2017 WL 131614, at *1 (D. Kan. Jan. 13, 2017)). "Without a detailed presentation of the facts which give rise to the issue sought to be addressed by the motion in limine, a motion in limine amounts to little more than a request that the court faithfully apply

3

the rules of evidence." *Hussein v. Duncan Regional Hospital, Inc.*, CIV-07-439-F, 2009 WL 10672480, at *1 (W.D. Okla. Oct. 20, 2009).

## DISCUSSION

### Plaintiffs' Motion in Limine

### I.   Limiting Expert Testimony to Content of Reports and as Limited by Court's Prior Orders

Plaintiffs ask the Court to limit experts' trial testimony to the content of their reports and as limited by the Court's January 3, 2023 Orders [Doc. Nos. 66, 67]. Defendant does not object to this request. Accordingly, the trial testimony of the parties' experts shall be limited to the content of their respective reports and as limited by prior orders.

Plaintiffs further seek to exclude testimony from two of Defendant's witnesses, contract right of way agents Jeremy Boles (Boles) and Jamie Cox (Cox). Plaintiffs take issue with Defendant listing Boles and Cox to testify about the "results of research regarding oil and gas leases of the Subject Property and adjacent area(s) and to sponsor public records." Pls.' Mot. at 2. In response, Defendant asserts that the primary purpose of Boles' and Cox's testimony, if called, will be to sponsor public records and testify as to their personal knowledge of their efforts to find those public records. Def.'s Resp. at 3. Defendant's purported use of Boles' and Cox's testimony does not appear to be an attempt to circumvent FED. R. CIV. P. 26, which requires parties to disclose expert witnesses and exchange written

4

expert reports. Should Defendant attempt to elicit expert opinion testimony or testimony outside the personal knowledge of Boles and Cox, Plaintiffs may object at trial.[1]

Accordingly, Plaintiffs' motion in limine is **GRANTED** as to limiting experts' testimony to the content of their respective reports and as limited by the Court's previous orders, and **DENIED** as to limiting the testimony of Boles and Cox prior to trial.

## II.     Expert Reports

Plaintiffs seek to exclude expert reports as inadmissible hearsay, to which Defendant does not object. Accordingly, Plaintiffs' motion in limine to exclude expert reports as inadmissible hearsay is **GRANTED**.

## III.    Evidence, Arguments, and/or Testimony Regarding Plaintiffs' Actual or Constructive Notice or Knowledge of Oil and Gas Operations' Use of Pits (Lined or Unlined), Pollution, and/or Remediation

Plaintiffs misconstrue the Court's January 3, 2023 Order [Doc. No. 67] as precluding all evidence, arguments, and testimony related to Plaintiffs' actual or constructive knowledge of pollution and/or the need for remediation prior to purchasing the subject property. By its January 3 Order, the Court excluded Plaintiffs' expert's opinion that Defendant would have had actual or constructive notice of unlined pits and the potential need for remediation because the expert stated an inadmissible legal conclusion "without providing any explanation as to the criteria he used to reach that determination." Doc. No. 67, at 12. Of course, this ruling does not preclude Defendant from using Plaintiffs' own deposition

---

[1] The Court cautions counsel to approach the bench before presenting any evidence challenged by the parties' motions in limine so the Court can consider its ruling outside the hearing of the jury.

testimony at trial as evidence that Plaintiffs may have had actual or constructive knowledge of pollution and/or the need for remediation prior to purchasing their property. Such evidence is relevant to Defendant's limitations defense and, specifically, when Plaintiffs knew of or with reasonable diligence should have known of the alleged injury.

For these reasons, Plaintiffs' motion in limine to exclude any evidence, testimony, or argument as to Plaintiffs' actual or constructive knowledge is **DENIED**.

### IV.    Mortgage Documents

Plaintiffs also request the exclusion of certain mortgage documents, which were listed on Defendant's Final Exhibit List but were not included in the Final Pretrial Report. As Defendant has since stated it does not intend to offer mortgage documents as exhibits at trial, Plaintiffs' motion in limine as to mortgage documents is **DENIED** as moot.

### V.    Evidence of Operators Other Than Harper Oil Company, MidCon Central Exploration Company, and/or Apache Corporation

Plaintiffs request that Defendant be excluded from soliciting testimony or otherwise presenting evidence or argument regarding operations conducted by operators other than Defendant, Harper Oil Company, or MidCon Central Exploration Company. In response, Defendant states that it intends to offer documents proving that it transferred operatorship of the wells at issue to Pedestal Oil and C.D. Operating decades before Plaintiffs purchased their property. Defendant contends that the time period during which it operated the wells at issue is relevant to whether Defendant can be held liable for Plaintiffs' claims and that the parties have not stipulated to the time period of Defendant's operations.

6

At the current juncture, the Court is unable to conclude that the proffered evidence is irrelevant under Rule 401's liberal standard. *See* FED. R. EVID. 401. Similarly, without the context of the presentation of evidence at trial, the Court is unable to conclusively determine that the evidence at issue is inadmissible pursuant to FED. R. EVID. 403. *See Wilkins*, 487 F.Supp.2d at 1218. Accordingly, Plaintiffs' motion in limine is **DENIED** as to this issue.

## VI.   Evidence, Arguments and/or Testimony Inconsistent with Defendant's Corporate Representative's Prior Testimony

Plaintiffs' motion in limine seeks to limit any testimony, evidence, or argument by Defendant that is inconsistent with its corporate representative's deposition testimony. However, "[i]n the Tenth Circuit, 'the testimony of a Rule 30(b)(6) witness is merely an evidentiary admission, rather than a judicial admission.'" *Davis v. Johnson & Johnson*, No. 2:20-CV-02635-HLT, 2022 WL 2116335, at *1 (D. Kan. June 9, 2022) (quoting *Vehicle Mkt. Res., Inc. v. Mitchell Int'l, Inc.*, 839 F.3d 1251, 1261 (10th Cir. 2016)); *see also Pedroza v. Lomas Auto Mall, Inc.*, CIV-07-591-JB/RHS, 2009 WL 1325440, at *8 (D. N.M. Apr. 6, 2009) (rejecting a party's request to exclude inconsistent testimony of a corporate representative, reasoning that testimony of a Rule 30(b)(6) witness is not a judicial admission and parties are free to impeach the representative at trial). Accordingly, Plaintiffs' motion in limine on this issue is **DENIED**.[2]

---

[2] The Court agrees with Defendant that, to the extent Plaintiffs believed Mullin to be ill-prepared or otherwise lacking sufficient knowledge to serve as Defendant's corporate representative, Plaintiffs could have moved to compel Defendant to designate additional representative(s) or moved to sanction Defendant for its failure to prepare its corporate representative.

### VII.   Evidence on Diminution in Value or Remediation Costs to Support an Upper Cap on Damages

Plaintiffs request that Defendant be barred from offering any evidence on diminution in value, remediation costs, or argument as to a cap on Plaintiffs' damages. Plaintiffs argue that because Defendant has the burden to establish diminution in value to set an upper cap on damages, and because Defendant has failed to offer any evidence on diminution in value or remediation costs, Defendant should be precluded from offering any evidence at trial on those items. Defendant contends that Plaintiffs' failure to move for summary judgment on this issue cannot be cured with a motion in limine. The Court agrees with Defendant. Without moving for summary judgment as to diminution in value, remediation costs, or an upper cap on damages, Plaintiffs cannot require Defendant to marshal its evidence in response to a motion in limine. *See Baker Hughes Oilfield Operations, Inc. v. Pump Systems Mgmt., Inc.*, CIV-16-1035-SLP, 2018 WL 8963557, at *1 (W.D. Okla. Mar. 5, 2018) (internal citation omitted) ("Motions in limine should not be used to weigh the sufficiency of the evidence. 'A motion in limine is not the proper vehicle for seeking a dispositive ruling on a claim, particularly after the deadline for filing such motions has passed.'"). Plaintiffs' motion in limine as to evidence supporting an upper cap on Plaintiffs' damages is **DENIED**.

### VIII.  Witnesses and Exhibits Not Identified in Defendant's Final Witness and Exhibit Lists

Plaintiffs seek to exclude witnesses and exhibits not identified in Defendant's final witness and exhibit lists. In the Court's Order rejecting the parties' Final Pretrial Report [Doc. No. 118], the Court instructed Defendant to move for leave of Court to amend its final exhibit and witness lists to include additional exhibits and Rajesh Sharma as Defendant's

corporate representative. Defendant filed a motion to amend its final exhibit and witness lists, which the Court will address by separate order. Accordingly, Plaintiffs' motion in limine on this issue is **DENIED** as moot.

<u>**Defendant's Motion in Limine**</u>

### I.    Evidence Relevant to Claims Dismissed on Summary Judgment

Defendant seeks to exclude "any potential evidence that is relevant only to those claims" dismissed on summary judgment. The Court agrees with Plaintiffs that Defendant's motion lacks the requisite specificity for a motion in limine. *See Shotts*, 2018 WL 4832625, at *1. The Court will address admissibility concerns with respect to evidence relating only to claims previously dismissed as they arise at trial. Accordingly, Defendant's motion in limine is **DENIED**.

### II.    Opinions of Plaintiffs' Experts Limited by Previous Orders

Like Plaintiffs, Defendant moves to exclude certain opinions of Plaintiffs' experts that were limited by the Court's Orders on the parties' Daubert motions. Plaintiffs "agree that the parties are bound by the ruling(s) of the Court on admissible expert evidence," but disagree with Defendant's description of the Court's previous rulings. Without repeating prior Daubert rulings, Defendant's motion to exclude expert opinions previously limited by the Court's Orders [Doc. Nos. 66 and 67] is **GRANTED**.

### III.    Value of Plaintiffs' Real Property and Repair Costs

Defendant requests that evidence and testimony related to Plaintiffs' real property and repair costs be excluded. Plaintiffs argue that Defendant's request is an impermissible attempt to seek summary judgment via a motion in limine. The Court agrees. *See Baker*

*Hughes Oilfield Operations, Inc.,* 2018 WL 8963557, at *1 ("A motion for limine is not the proper vehicle for seeking a dispositive ruling on a claim, particularly after the deadline for filing such motions has passed."). The Court previously declined to enter summary judgment on the issue of limiting Plaintiffs' monetary damages and found that the issue would be more appropriately addressed through jury instructions. [Doc. No. 68, at 15]. Defendant's motion in limine is **DENIED**.

### IV.     Evidence Related to Equitable Remedies

Defendant also seeks to limit evidence and testimony related to Plaintiffs' equitable remedies. For the same reasons set forth in Section III, above, Defendant's motion in limine is **DENIED**.

### V.     Evidence Related to the Amount of Punitive Damages

Defendant seeks to limit evidence related to punitive damages because Plaintiffs "can offer no more than 'minimally sufficient evidence from which a reasonable juror could conclude that [Defendant] should have known of the existence of the pits and the risk of groundwater contamination.'" Def.'s Mot. at 10. The Court finds it would be premature to limit evidence related to Plaintiffs' punitive damages request at this juncture. *See Wilkins*, 487 F.Supp.2d at 1218. To the extent Defendant has specific objections at trial to the introduction of certain pieces of evidence, particular exhibits, or the questioning of any witness regarding the issue, the Court shall hear those contemporaneous objections at the appropriate time. Accordingly, the Court **RESERVES** its ruling on this issue.

Notwithstanding the Court's reservation, Plaintiffs should refrain from asking the jury to "send a message" with their verdict or from making any statement that would incite the

passions and prejudices of the jury. Such arguments are improper and prejudicial. *See, e.g.*, *Ross v. Parker*, 304 F. App'x 655, 659 (10th Cir. 2008) (*citing United States v. Taylor*, 514 F.3d 1092, 1104 (10th Cir. 2008)).

## VI.     Evidence Related to the Safety of Plaintiffs' Well Water

Defendant seeks to exclude testimony and evidence that Plaintiffs' well water is unsafe. Defendant argues that Plaintiffs' expert has testified that the water from their second well is safe to drink and failed to offer evidence that the water from Plaintiffs' first well was unsafe to drink. Plaintiffs contend that their experts "should be permitted to testify as to the measured and aesthetic quality of the drinking water in their wells … as well as Mr. Smith's opinions about the increasing contamination in the second well over time." Pls.' Resp. at 8. Plaintiffs further assert that their expert will "explain the significance of the results in the context of federal and state drinking water standards." *Id.* For these reasons, Plaintiffs request that the Court reserve its ruling on this issue for specific objections at trial.

The Court agrees with Plaintiffs that it does not have sufficient information before it to make a ruling on this issue, and any decision based on the instant briefs would be premature. Accordingly, Defendant's motion in limine on this point is **RESERVED** for later determination, if necessary.

## VII.    Undisclosed Opinions and Damages

Defendant moves to exclude 1) any undisclosed expert opinions that were not disclosed in expert reports or deposition testimony; and 2) damages that were not disclosed in Plaintiffs' pretrial disclosures or during discovery. Plaintiffs argue that Defendant's

request fails for lack of specificity, as Defendant did not identify any expert witness or opinion that Plaintiffs allegedly failed to disclose.

Generally, the Court agrees that FED. R. CIV. P. 37(c)(1) and 26(e)(2) require parties to disclose expert opinions and supplement their disclosures with expert reports and information given during an expert's deposition. However, without specific evidence to which Defendant objects, the Court is without sufficient information to rule on Defendant's motion in limine on this point. Accordingly, the Court **RESERVES** its ruling on this issue until any specific objections are made at trial.

## VIII. Newspaper Articles Covering the Apache-MidCon Transaction

Defendant moves to exclude three newspaper articles included in Plaintiffs' proposed exhibits. The three articles were published on May 22, 1986 (Chicago Tribune), July 2, 1986 (Chicago Tribune), and December 27, 1981 (The Oklahoman), and each covers some aspect of the relationship between Defendant, MidCon, and Oxy. Defendant argues that the newspaper articles constitute inadmissible hearsay. Pursuant to FED. R. EVID. 801, hearsay is a statement "the declarant does not make while testifying at the current trial or hearing" and that "a party offers in evidence to prove the truth of the matter asserted in the statement."

The Court agrees with Defendant that, generally, newspaper articles are inadmissible hearsay. *See Murphy v. City of Tulsa*, 15-CV-528-GKF-FHM, 2018 WL 660010, at *3 (N.D. Okla. Feb. 1, 2018). However, Plaintiffs argue that the newspaper articles are excluded from the rule against hearsay as "ancient documents" since the articles were published prior to January 1, 1998. *See* FED. R. EVID. 803(16) (excepting from hearsay "[a] statement in a document that was prepared before January 1, 1998, and whose authenticity is established.");

*see also* FED. R. EVID. 902(6) (establishing newspapers and periodicals as self-authenticating evidence). Here, because the newspaper articles were published in the 1980s and are self-authenticating under FED. R. EVID. 902(6), the Court finds that the articles come within the ancient documents exception to hearsay.

The Court's analysis turns then to statements within the newspaper articles that constitute "hearsay within hearsay," or statements attributed to individuals other than the author-declarant. For instance, in the two Chicago Tribune articles, most of the statements therein are attributed to the then-CEO of Oxy, a non-party. Although Plaintiffs attempt to cure the double hearsay with various hearsay exceptions, none of the exceptions apply to the statements referenced in the newspaper articles. Accordingly, Defendant's motion in limine on this point is **GRANTED in part** as to any portions of the newspaper articles that are attributable to declarants other than the author.

## IX.   Evidence Related to Plaintiffs' Physical and/or Emotional Health

Additionally, Defendant seeks to limit evidence and testimony related to Plaintiffs' physical or emotional harms from the alleged contamination because Plaintiffs failed to produce any evidence of such harms in discovery. As with Defendant's motion in limine nos. III and IV, the Court finds that Defendant's request improperly seeks a dispositive ruling on a category of damages via a motion in limine. *See Baker Hughes Oilfield Operations, Inc.*, 2018 WL 8963557, at *1. Accordingly, Defendant's motion in limine is **DENIED** on this point.

X.      **Plaintiffs' Alleged Fear or Anxiety About Contamination**

For the reasons set forth in Section IX, above, Defendant's motion in limine is **DENIED**.

XI.     **Plaintiffs' Litigation Distress**

Next, Defendant seeks to exclude any evidence that litigating this case has caused Plaintiffs annoyance, inconvenience, fear, and anxiety. Evidence of litigation-induced stress is regularly excluded. *See, e.g., Zimmerman v. Direct Fed. Credit Union*, 262 F.3d 70, 79 (1st Cir. 2001) ("[L]itigation-induced stress is not ordinarily recoverable as an element of damages."); *see also Stoleson v. United States*, 708 F.2d 1217, 1223 (7th Cir. 1983) ("It would be strange if stress induced by litigation could be attributed in law to the tortfeasor."); *Whittenburg v. Werner Enterprises Inc.*, 561 F.3d 1122, 1130 ("To imply or argue that the mere act of defending oneself, or the mere act of bringing suit, is reprehensible serves no proper purpose…."). Accordingly, Defendant's motion in limine on this point is **GRANTED**.

XII.    **Evidence of Settlement Offers and Negotiations**

Defendant's motion in limine requests that the Court utilize FED. R. EVID. 408(a) and limit evidence of settlement offers and negotiations, to which Plaintiffs do not object. Accordingly, Defendant's motion in limine on this point is **GRANTED**.

XIII.   **Attorney's Fees**

Defendant also seeks to limit evidence regarding any party's attorney's fees, to which Plaintiffs do not object. Defendant's motion in limine on this point is **GRANTED**.

## XIV.   Evidence Related to Other Litigation Involving Defendant

Defendant seeks a blanket order excluding any evidence pertaining to other litigation involving Defendant, without specifying particular litigation. Notably, in the case cited by Defendant in which this Court excluded evidence of "any lawsuit or other claim than the case at bar," the motion in limine on that issue was unopposed. *See Pardue v. Humble Ins. Agency*, CIV-14-1049-D, 2016 WL 4385027, at *1 (W.D. Okla. Aug. 16, 2016). Plaintiffs argue that evidence of other litigation could be relevant to this case if Defendant opens the door to such evidence by "offer[ing] any evidence about [Defendant] always 'following the law,' 'good citizenship,' 'never violated any rules or regulations' or the like…". Pls.' Resp. at 14. Plaintiffs also contend that Tenth Circuit precedent has allowed evidence of other claims or litigation tending to prove a pervasive, consistent pattern of abuse. *See Smith v. CSAA Fire and Cas. Ins. Co.*, CIV-17-1302-D, 2020 WL 4340546, at *5 (W.D. Okla. July 28, 2020) (citing *Vining v. Enter. Fin. Grp., Inc.*, 148 F.3d 1206, 1218-19 (10th Cir. 1998)). Finally, Plaintiffs argue that Defendant has failed to sufficiently specify the evidence it wishes to exclude.

The Court agrees that it does not have sufficient information to make a ruling on this issue. The Court finds that a ruling on this point would be premature and **RESERVES** ruling for specific objections at trial.

## XV.   References to Defendant's Motion in Limine or this Order

Defendant moves to limit references to Defendant's motion in limine or this Order at trial, to which Plaintiffs do not object. Defendant's motion in limine on this issue is **GRANTED**.

## XVI.  "Golden Rule" Arguments

Defendant moves to limit Plaintiffs from using "golden rule" arguments and appeals at trial. Although the Tenth Circuit has recognized the "golden rule" argument may not be proper in certain instances, *see Blevins v. Cessna Aircraft Co.*, 728 F.2d 1576, 1580-81 (10th Cir. 1984), the Circuit has likewise carved out a narrow exception in cases where the reasonableness of the conduct, in light of the information known at the time, is at issue. *See, e.g., Shultz v. Rice*, 809 F.2d 643, 652 (10th Cir. 1986) (quoting *Stokes v. Delcambre*, 710 F.2d 1120, 1128 (5th Cir. 1983)). Use of the so-called "golden rule" argument, when its aim is to elicit an emotional response by jurors, is improper. The Court **RESERVES** ruling on this issue in advance of trial, opting instead to consider it in context if the issue is raised during trial.

## XVII.  References to Defendant's Obligations Under Oklahoma Law

Defendant moves to exclude references to any obligations Defendant may have owed Plaintiffs under Oklahoma law. In the Tenth Circuit, "[i]n no instance can a witness be permitted to define the law of the case." *Specht v. Jensen*, 853 F.2d 805, 810 (10th Cir. 1988). Because it is the duty of the Court to instruct the jury on the law, all witnesses, parties, and counsel should refrain from defining the legal parameters for any duties owed by Defendant under Oklahoma law. However, because Defendant has failed to specify a particular legal duty that it suspects Plaintiffs will attempt to define for the jury, the Court **RESERVES** this ruling for specific objections at trial.

## XVIII.    References to Court's Rulings on Pretrial Motions

Defendant seeks to limit any evidence or references to any party's pretrial motions or the Court's rulings on the same. Plaintiffs do not object to Defendant's request. Accordingly, Defendant's motion in limine on this issue is **GRANTED**.

## XIX.   References to Per-Diem or Unit-of-Time Damages

Defendant moves to exclude references to per-diem or unit-of-time damages. Defendant correctly notes it is in the Court's broad discretion to "control the scope of closing argument." *See United States v. Baker*, 638 F.2d 198, 203 (10th Cir. 1980). Defendant argues that unit-of-time damages are likely to confuse the jury because of their unrealistic and speculative nature. Def.'s Mot. at 21. Plaintiffs respond there is no blanket rule against unit-of-time damages and the matter is best addressed in context of the evidence presented at trial. Pls.' Resp. at 17.

The Court agrees that whether Plaintiffs use of per-diem or unit-of-time damages is proper is better addressed in the context of the evidence presented at the trial of this matter. Accordingly, the Court **RESERVES** ruling on Defendant's motion in limine on this point.

## XX.    Evidence Related to Benefits to Plaintiffs' Neighborhood

Defendant seeks exclusion of any references to potential benefits to Plaintiffs' neighborhood. Although the Court acknowledges Plaintiffs' argument that their references to Plaintiffs' neighborhood may be used to support their public nuisance claim, Plaintiffs should refrain from referencing the benefits Plaintiffs' neighbors would receive if a public water line were to be run to the neighborhood. As Plaintiffs' neighbors are not parties to this

lawsuit, any incidental benefits they may receive as a result of a public water line are irrelevant. To this extent, Defendant's motion in limine is **GRANTED**.

### XXI.   Requirement that Parties Present Live Testimony of Available Witnesses

Defendant moves to exclude any deposition testimony of otherwise available witnesses. The use of deposition testimony will be addressed at the pretrial conference and will be permitted as provided by FED. R. CIV. P. 32(a)(4). Accordingly, Defendant's motion in limine on this point is **DENIED** as moot.

### CONCLUSION

For the reasons outlined above, Plaintiffs' Motion in Limine [Doc. No. 79] is **GRANTED in part** and **DENIED in part**, and Defendant's Motion in Limine [Doc. No. 86] is **GRANTED in part** and **DENIED in part**. In summary, the Court **ORDERS**:

1. Plaintiffs' Motion in Limine No. I [Doc. No. 79] is **GRANTED in part**.

2. Plaintiffs' Motion in Limine No. II [Doc. No. 79] is **GRANTED**.

3. Plaintiffs' Motion in Limine No. III [Doc. No. 79] is **DENIED**.

4. Plaintiffs' Motion in Limine No. IV [Doc. No. 79] is **DENIED**.

5. Plaintiffs' Motion in Limine No. V [Doc. No. 79] is **DENIED**.

6. Plaintiffs' Motion in Limine No. VI [Doc. No. 79] is **DENIED**.

7. Plaintiffs' Motion in Limine No. VII [Doc. No. 79] is **DENIED**.

8. Plaintiffs' Motion in Limine No. VIII [Doc. No. 79] is **DENIED as moot**.

1. Defendant's Motion in Limine No. I [Doc. No. 86] is **DENIED**.

2. Defendant's Motion in Limine No. II [Doc. No. 86] is **GRANTED**.

3. Defendant's Motion in Limine No. III [Doc. No. 86] is **DENIED**.

4.  Defendant's Motion in Limine No. IV [Doc. No. 86] is **DENIED**.

5.  Defendant's Motion in Limine No. V [Doc. No. 86] is **RESERVED**.

6.  Defendant's Motion in Limine No. VI [Doc. No. 86] is **RESERVED**.

7.  Defendant's Motion in Limine No. VII [Doc. No. 86] is **RESERVED**.

8.  Defendant's Motion in Limine No. VIII [Doc. No. 86] is **GRANTED in part**.

9.  Defendant's Motion in Limine No. IX [Doc. No. 86] is **DENIED**.

10. Defendant's Motion in Limine No. X [Doc. No. 86] is **DENIED**.

11. Defendant's Motion in Limine No. XI [Doc. No. 86] is **GRANTED**.

12. Defendant's Motion in Limine No. XII [Doc. No. 86] is **GRANTED**.

13. Defendant's Motion in Limine No. XIII [Doc. No. 86] is **GRANTED**.

14. Defendant's Motion in Limine No. XIV [Doc. No. 86] is **RESERVED**.

15. Defendant's Motion in Limine No. XV [Doc. No. 86] is **GRANTED**.

16. Defendant's Motion in Limine No. XVI [Doc. No. 86] is **RESERVED**.

17. Defendant's Motion in Limine No. XVII [Doc. No. 86] is **RESERVED**.

18. Defendant's Motion in Limine No. XVIII [Doc. No. 86] is **GRANTED**.

19. Defendant's Motion in Limine No. XIX [Doc. No. 86] is **RESERVED**.

20. Defendant's Motion in Limine No. XX [Doc. No. 86] is **GRANTED**.

21. Defendant's Motion in Limine No. XXI [Doc. No. 86] is **DENIED as moot**.

**IT IS SO ORDERED** this 11th day of December, 2023.

TIMOTHY D. DeGIUSTI
Chief United States District Judge