IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KINDALL LEIGH DONEHUE and ANDREW JOSEPH DONEHUE, husband and wife,<br><br>    Plaintiffs,<br><br>v.<br><br>APACHE CORPORATION,<br><br>    Defendant. | Case No. CIV-21-710-D |

## ORDER

Before the Court is Defendant's Motion to Strike an Unidentified Witness from Plaintiffs' Witness List [Doc. No. 128], to which Plaintiffs filed a Response [Doc. No. 132], and Defendant filed a Reply [Doc. No. 133]. The matter is fully briefed and at issue.

## BACKGROUND

Plaintiffs filed suit against Defendant after discovering that their home's well water was contaminated. Plaintiffs blame oil and gas operations occurring from the 1950s to 1980s for the groundwater contamination. Their theory is that operators were storing produced saltwater in unlined pits that allowed contaminants to slowly leach into the groundwater below. Plaintiffs seek to hold Defendant – one of several operators involved in this area – liable for the contamination. Defendant acquired and briefly operated producing wells in the area in the mid-80s but ceased its operations decades before Plaintiffs purchased their property.

1

The Court previously granted summary judgment in favor of Defendant on Plaintiffs' claims for private nuisance, damage to real property, constructive fraud, direct negligence, and direct trespass [Doc. No. 68]. Plaintiffs' claims of public nuisance, successor liability for negligence, and successor liability for trespass remain. As part of Plaintiffs' public nuisance claim, Plaintiffs seek both compensatory damages and equitable relief in the form of abatement.

## DISCUSSION

FED. R. CIV. P. 26(a) requires a party to, "without awaiting a discovery request, provide to the other parties: (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). When applying this standard, courts look to the following factors: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

In its motion, Defendant moves to strike the "City of Edmond Water Resources Representative" from Plaintiffs' witness list. On July 15, 2022, Plaintiffs listed the city

representative on their witness list, but inadvertently left blank the "projected testimony" section. On May 31, 2023, in the parties' Final Pretrial Report [Doc. No. 84], Plaintiffs provided that the city representative was projected to testify as to "costs related to installation of waterline."

Plaintiffs' expert, Bert Smith, has opined that the "only reliable way to prevent further contamination of [Plaintiffs'] residential water supply is to bring in water from another source, such as a municipal water supply or rural water district." [Doc. No. 51-6, at 5]. Prior to completing his expert report, Mr. Smith contacted a City of Edmond employee regarding the distance between the nearest public waterline and Plaintiffs' property, but he was unable to get additional information from the city after numerous attempts. As Plaintiffs intended to call a city representative to testify as to the availability of a public water supply and the costs of extending a waterline to Plaintiffs' property, Plaintiffs alerted the city that a trial subpoena would be issued in August of 2023. In response, the city identified two potential representatives with the most knowledge, Kris Neifing and Steve Lawrence, and provided a spreadsheet prepared by the city that estimated the cost of extending the public waterline to Plaintiffs' property.

Defendant first argues that Plaintiffs are attempting to elicit expert opinion testimony from the city representative, without timely or adequately disclosing expert testimony pursuant to FED. R. CIV. P. 26(a)(2).

In response, Plaintiffs contend that the city representative's testimony is based on his personal knowledge and will focus on the location of the nearest waterline to Plaintiffs' property; the approximate distance of pipeline needed to extend the waterline to Plaintiffs'

3

property; the size of waterline required by City of Edmond codes; the costs per foot of such pipeline; and the fees associated with connecting Plaintiffs' property to the public water supply. Plaintiffs assert that they intend to offer either Mr. Neifing or Mr. Lawrence as a fact witness and that the representative may provide opinion testimony as a lay witness pursuant to FED. R. EVID. 701, for which there is no expert disclosure requirement. Under Rule 701, "[i]f a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." FED. R. EVID. 701.

Because Plaintiffs expressly disclaim that the city representative is being offered as an expert witness, the Court will permit either Mr. Neifing or Mr. Lawrence to testify as a fact witness and provide opinion testimony as limited by Rule 701. The representative may testify regarding their personal knowledge and perceptions regarding Plaintiffs' property and their personal knowledge as to the requirements and costs related to tying Plaintiffs' property into the city's water supply, to include code requirements. Plaintiffs are cautioned that they must lay a sufficient factual foundation for the city representative's personal knowledge before eliciting any opinion testimony.

Defendant also argues that the city representative's anticipated testimony is irrelevant. Defendant previously moved to limit any evidence or testimony related to Plaintiffs' equitable remedies, which the Court denied [Doc. No. 137, at 10]. Plaintiffs contend that the city representative's testimony is relevant to their request for abatement

4

and whether the alleged nuisance is abatable. At this stage, the Court declines to find that any and all testimony from the city representative would be irrelevant to Plaintiffs' remaining claims. As stated in the Court's Order on the parties' motions in limine [Doc. No. 137], unless evidence is plainly "inadmissible on all potential grounds," the better route is for a court to "defer rulings on relevancy and unfair prejudice objections until trial when the factual context is developed[.]" *See Wilkins v. Kmart Corp.*, 487 F.Supp.2d 1216, 1218 (D. Kan. Apr. 10, 2007) (citations omitted).

Finally, the Court finds that the *Woodworker's Supply* factors do not warrant the "drastic sanction" of excluding the city representative's testimony. *See Summers v. Missouri Pac. R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997). First, although the Court does not condone Plaintiffs' failure to include the city representative's proposed testimony on their final witness list, Defendant will not be surprised by the city representative's testimony. In a previous Order [Doc. No. 48], the Court noted that "Plaintiffs have always sought to abate the alleged public and private nuisance arising from the contaminated water," and that the Court was "not persuaded that the abatement methods and costs disclosed in [Mr. Smith's] expert report materially changed the nature or scope of the damages sought." [Doc. No. 48, at 5]. Although a City of Edmond representative was listed in Plaintiffs' final witness list in July of 2022, Defendant did not inquire with Plaintiffs about the omitted proposed testimony or seek a deposition of the listed representative. Further, during Mr. Smith's deposition, he relayed his communications with a City of Edmond representative and highlighted the information that Plaintiffs sought from the city regarding Plaintiffs' property and the closest public waterline [Doc. No. 131-2, at 154-56].

5

Given that the city representative will be limited to lay witness testimony under FED. R. EVID. 701, and Defendant will not likely be surprised by the representative's lay witness testimony as to Plaintiffs' property, the Court declines to find that Defendant was prejudiced by Plaintiffs' omission of the city representative's proposed testimony.

As to Defendant's argument that Plaintiffs should not be permitted to issue a trial subpoena to a city representative, the Court directs Plaintiffs to identify either Mr. Neifing or Mr. Lawrence as the city representative within fourteen days of this Order. Thereafter, Defendant will have forty-five days to seek discovery related to the city representative's testimony, to include a deposition of either Mr. Neifing or Mr. Lawrence. Such a brief and limited reopening of discovery will not delay trial, which is not currently set. Finally, Defendant has not shown that Plaintiffs' conduct with respect to the city representative's testimony was willful or done in bad faith.

For these reasons, Defendant's Motion to Strike an Unidentified Witness from Plaintiffs' Witness List [Doc. No. 128] is **DENIED**.

**IT IS THEREFORE ORDERED** that Plaintiffs shall identify the City of Edmond Water Resources Representative within fourteen days of this Order. Thereafter, discovery will be reopened for a period of forty-five days for the limited purpose of allowing Defendant to seek discovery regarding the city representative's testimony, to include a deposition of the named city representative, if desired.

**IT IS SO ORDERED** this 12th day of April, 2024.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge