IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

KINDALL LEIGH DONEHUE and )
ANDREW JOSEPH DONEHUE, husband )
and wife, )
)
    Plaintiffs, )
)
v. ) Case No. CIV-21-710-D
)
APACHE CORPORATION, )
)
    Defendant. )

# ORDER

Before the Court is Defendant's Motion to Reopen Discovery Limited to an Inspection of Plaintiff's Property [Doc No. 153] ("Reopen Discovery Motion") with a related Motion to Expedite Briefing on it [Doc. No. 155], Motion to Compel an Inspection of Plaintiff's Property [Doc. No. 154] ("Compel Inspection Motion") with a related Motion to Expedite Briefing on it [Doc No. 156], and a Motion to Shorten Plaintiffs' Time to Respond to Apache's Request to Inspect Plaintiff's Property [Doc. No. 161]. For the Reopen Discovery Motion, Plaintiffs filed a response [Doc. No. 157], and Defendant filed a reply [Doc. No. 159]. For the Compel Inspection Motion, Plaintiffs filed a response [Doc. No. 158], and Defendant filed a reply [Doc. No. 160]. These matters are fully briefed and at issue.

## BACKGROUND

Plaintiffs filed suit against Defendant after discovering that their home's well water was contaminated. Plaintiffs blame oil and gas operations occurring from the 1950s to 1980s for the groundwater contamination. Their theory is that operators were storing produced

1

saltwater in unlined pits that allowed contaminants to slowly leach into the groundwater below. Plaintiffs seek to hold Defendant – one of several operators involved in this area – liable for the contamination. Defendant acquired and briefly operated producing wells in the area in the mid-1980s but ceased its operations decades before Plaintiffs purchased their property.

The Court previously granted summary judgment in favor of Defendant on Plaintiffs' claims for private nuisance, damage to real property, constructive fraud, direct negligence, and direct trespass [Doc. No. 68]. Plaintiffs' claims of public nuisance, successor liability for negligence, and successor liability for trespass remain. As part of Plaintiffs' public nuisance claim, Plaintiffs seek both compensatory damages and equitable relief in the form of abatement.

The discovery cutoff date in this case was September 1, 2022 [Doc. No. 18, at 1]. On October 3, 2022, Plaintiffs provided Apache with water sample testing results collected on September 14, 2022 [Doc. No. 157, at 5; Doc. No. 153, at 1]. On October 6, 2022, Plaintiffs produced a few additional photographs of property damage that had occurred, but state that they have not included these photographs as trial exhibits [Doc. No. 157, at 5].

During the next eighteen months from October of 2022 to April of 2024, Defendant contends that Plaintiffs provided no further evidence about the condition of their property [Doc. No. 153, at 1; Doc. No. 159; at 1].

On April 30, 2024, Plaintiffs sent Defendant a letter providing photographs of ten items,[1] and Plaintiffs intend to offer the actual items as demonstrative exhibits at trial [Doc. No. 157, at 6-7]. Defendant states that these photographs show "new damage to [Plaintiffs'] property" whereas Plaintiffs aver they are not evidence of any "new" damage but rather portray "the same damaged items that were depicted in photographs produced in discovery and described in the Donehues' deposition testimony." [Doc. No. 157, at 7].

Defendant notes that several of the photographs attached to Plaintiffs' April 30, 2024 letter expressly purport to be "Current". *See* [Doc. No. 159, at 3] (showing a photograph with the header "Current North Heater"); [Doc. No. 159-1, at 2-3] ("Current North Heater" text); *id.* at 5 ("Current South Heater" text). Defendant also avers that these photographs with "Current" labels depict heat exchangers that are currently installed and operating, not the allegedly damaged items that Plaintiffs claim to have replaced, such as the "OLD Hot Water Heater" depicted in other photographs from the Plaintiffs' April 30, 2024 letter. [Doc. No. 159, at 3]; *see* [Doc. No. 159-1, at 14-15] ("OLD Hot Water Heater" text); *id.* at 16 ("OLD Parts and Fittings" text).

On May 14, 2024, Defendant sent Plaintiffs a letter requesting an inspection of "the photographed items [from Plaintiffs' April 30, 2024 letter] along with other parts of the Donehues' home and property in the near future" and "dates and times over the next three weeks when such an inspection can take place." [Doc. No. 160-1, at 2].

---

[1] The ten items are listed as CIV-21-710-D_001-0010 and are: Dishwasher Rack Parts, Heat Exchanger #1-5, Dishwasher Racks, Ruster Knives, Play Set Handle and Miscellaneous Parts.

On May 21, 2024, Plaintiffs responded to Defendant with a letter stating that the demonstratives they intend to introduce at trial would be made available to Defendant for inspection at their law firm's offices. [Doc. No. 160-2, at 2]. Plaintiffs also characterized Defendant's request to inspect "other parts of the Donehues' home and property" as "more appropriately…a Rule 34 request to enter onto land for inspection" and mentioned that "discovery is closed". *Id.*

On May 23, 2024, Defendant replied to Plaintiffs in a letter declaring "it is unfair for Plaintiffs to use photographs of the inside of property as demonstratives when Apache does not have the same opportunity except as to the narrow portion of the property that Plaintiffs have unilaterally cherry picked." [Doc. No. 160-3, at 2]. Defendant also remarked that they "obviously have the right to take photographs from public areas, but that is not sufficient if Plaintiffs are going to be showing photographs from inside the house and/or yard." *Id.*

On May 24, 2024, Plaintiffs stated in a letter to Defendant that the photos provided in the April 30, 2024 letter depicted heat exchangers and interior dishwasher components from the Donehues' home and that they intend to use "the physical heat exchanger" and "the physical broken and corroded components of the Donehues' dishwasher" as demonstratives at trial. [Doc. No. 160-4, at 2]. Plaintiffs also declare in that letter that at "no point during the discovery period in this case did Apache request an inspection of the Donehues' home or property" but that the request proposed in the May 23, 2024 letter was "a mechanism of discovery" and that in this case, discovery has closed. *Id.* at 2-3.

On June 7, 2024, Defendant filed a Supplemental Request for an Inspection of Plaintiff's Property under FED. R. CIV. P. 34 [Doc. No. 160-5, at 1-2].

4

**STANDARD**

Because the discovery cutoff date has already expired, the scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). "Good cause comes into play 'in situations in which there is no fault—excusable or otherwise [and] [i]n such situations, the need for an extension is usually occasioned by something that is not within the control of the movant.'" *Bishop v. Corsentino*, 371 F.3d 1203, 1207 (10th Cir. 2004). Further, "'[g]ood cause' also 'obligates the moving party to provide an adequate explanation for any delay.'" *Tesone v. Empire Marketing Strategies*, 942 F.3d 979, 988 (10th Cir. 2019) (quoting *Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1020 (10th Cir. 2018)). In determining whether there is good cause to allow amendment of the scheduling order, courts focus on the diligence of the lawyer seeking the change and possible prejudice to the party opposing the modification. *Tesone*, 942 F.3d at 988 (citation omitted). Also, while a pretrial order defines a lawsuit's boundaries in the trial court, "total inflexibility is undesirable." *Summers v. Missouri Pac. R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997). The "decision to exclude evidence" at trial is also "a drastic sanction." *Id.*

In reviewing decisions concerning whether discovery should be reopened, the Tenth Circuit has considered several relevant factors: "1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to

relevant evidence. *Sil-Flo, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1514 (10th Cir. 1990) (quoting *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987)).

Under FED. R. CIV. P. 37, a party may file a motion to compel production or inspection if "a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." FED. R. CIV. P. 37(a)(3)(B)(iv). Under FED. R. CIV. P. 34, a valid request "(A) must describe with reasonable particularity each item or category of items to be inspected; (B) must specify a reasonable time, place, and manner for the inspection and for performing the related acts; and (C) may specify the form or forms in which electronically stored information is to be produced". FED. R. CIV. P. 34(b)(1)(A)-(C).

## DISCUSSION

The Court will address the Reopen Discovery Motion and the Compel Inspection Motion in turn.

**I.    Whether Good Cause is Shown to Reopen Discovery**

Upon analysis of the six factors from *Sil-Flo, Inc.*, Defendant has demonstrated good cause to reopen discovery limited to an inspection of the Plaintiffs' property.

**A. Whether Trial is Imminent**

First, Defendant and Plaintiffs agree [Doc. No. 157, at 11; Doc. No. 159, at 6] that trial is imminent – jury selection is set for July 9, 2024 and trial will commence on July 29, 2024 [Doc. No. 148]. Moreover, a pretrial conference will be held on June 26, 2024 [Doc. No. 162]. Therefore, this factor is neutral.

### B. Whether the Request is Opposed

Second, Plaintiffs clearly oppose the reopening of discovery [Doc. No. 157, at 11; Doc. No. 159, at 6]. However, Defendant argues that Plaintiffs' opposition was made "even though Apache's request was prompted by Plaintiffs' disclosure of their intent to present new evidence shortly before trial is set to commence." [Doc. No. 159, at 5]. Although this factor is relatively neutral, it might be weighed slightly towards reopening discovery due to the submission of photographs showing a "Current North Heater" [Doc. No. 159-1, at 2-3] and "Current South Heater" (*Id*. at 5) in Plaintiffs' letter dated April 30, 2024.

### C. Whether the Non-Moving Party would be Prejudiced

Third, Plaintiffs argue that they would be "significantly prejudiced" if discovery were to be reopened to allow Defendant's experts to conduct a new inspection to test, sample or photograph Plaintiffs' Property, "when none of those experts did any such work as part of their reports or indicated they intended to offer any opinion as to the physical condition of the Property." [Doc. No. 157, at 11]. Plaintiffs also assert that "granting additional extensions would necessarily cause further delay and prejudice to" them. *Id.* Defendants assert that Plaintiffs have failed to explain how they are significantly prejudiced,[2] "much less how any prejudice Plaintiffs face is anywhere near as great as the prejudice Apache faces if it does not have the opportunity to collect information in response to Plaintiffs' newly disclosed evidence," specifically, "evidence Apache contemplates collecting during an inspection of Plaintiffs' property and using at trial" *viz.*, "photographs of Plaintiffs' property, which

---

[2] Defendant also argues that "Apache seeks no such thing [as supplementing the opinions of its experts] and thus has not moved to do so." [Doc. No. 159, at 5].

7

Apache would use as demonstrative exhibits." [Doc. No. 159, at 5]. Because Plaintiffs intend to offer similar evidence at trial, Defendant argues that Plaintiffs face no undue or unfair prejudice from briefly reopening discovery to allow Apache to attempt to obtain comparable evidence. *Id*. The Court agrees, and accordingly weighs this factor in favor of reopening discovery.

### D. Whether the Moving Party was Diligent in Obtaining Discovery

Fourth, Defendant contends that "Apache diligently sought information and potential evidence about the condition of Plaintiffs' property during discovery…through document requests, interrogatories, and depositions of both of the plaintiffs and their geohydrologist." [Doc. No. 159, at 7] (also noting that "Plaintiffs, by contrast, took only one deposition."). Plaintiffs argue that "Apache was not diligent in making this request" to reopen discovery because the possible need for discovery regarding physical damage to their property "has been apparent from the time this litigation began and throughout depositions and discovery; yet Apache made the choice not to conduct any investigation into these claims." [Doc. No. 157, at 11]. In response, Defendant asserts "Apache was prepared to go to trial using the information it diligently sought and received during discovery, and Apache now seeks to briefly reopen discovery only to obtain information about the condition of Plaintiffs' property today [shown by, to wit, the "Current North Heater" [Doc. No. 159-1, at 2-3] and "Current South Heater" (*Id*. at 5) photographs sent by Plaintiffs to Defendant on April 30, 2024]—information Apache could not have obtained before the September 1, 2022 discovery cutoff." On balance, the Court holds that this factor weighs in favor of granting Defendant's limited request to reopen discovery.

8

### E. The Foreseeability of the Need for Additional Discovery

Fifth, Plaintiffs argue that Defendant was not diligent in making this request to reopen discovery "notwithstanding that the possibility that such an inspection would be needed was certainly foreseeable during the discovery period." [Doc. No. 157, at 11]. In response, Defendant contends that under the Scheduling Order set by the Court, any evidence uncovered during the discovery period about the condition of property would still have been relatively recent at the time of trial, but it was "not foreseeable that this case would not proceed to trial until almost two years after the discovery cutoff, much less that Plaintiffs would disclose their intention to offer evidence of new alleged damage to their property shortly before trial [and as recent as April 30, 2024]." [Doc. No. 159, at 6]. As a result, Defendant asserts that at the time the Court entered the Scheduling Order, the need for additional discovery about the condition of Plaintiffs' property at the time of trial was not foreseeable. *Id.* at 6-7 (citing *Lehman Bros. Holdings Inc. v. Universal Am. Mortg. Co. LLC*, 300 F.R.D. 678, 683 (D. Colo. 2014)). Upon consideration, the Court holds that this factor weighs in favor of reopening discovery because submission of photographs covering the condition of "Current" heaters [Doc. No. 159-1, at 2-3, 5] was not foreseeable, especially when the Court entered the Scheduling Order.

### F. The Likelihood that the Discovery will Lead to Relevant Evidence

Sixth, Defendants state that "Apache has already explained the obvious relevance of the information and potential evidence" that can be gathered during an inspection of Plaintiffs' property [Doc. No. 159, at 7] (citing [Doc. No. 153, at 3; Doc. No. 154, at 1-2]),

9

and that Plaintiffs even acknowledged that explanation.[3] [Doc. No. 159, at 7]. Plaintiffs argue that "it is unclear what relevant evidence Apache seeks to obtain from an inspection of Plaintiffs' Property now, especially since it has submitted expert reports that include no opinions on the physical condition of the Property or any potential damage to the same." [Doc. No. 157, at 12]. However, Defendant points out that the reason they seek to obtain photographs of Plaintiffs' property is to potentially use them as demonstrative exhibits to illustrate the impact (if any) of the nuisance Plaintiffs allege has had and continues to have, as Plaintiffs themselves plan to do [Doc. No. 158, at 7] (citing [Doc. No. 157, at 3-7]). Consequently, Defendant argues that briefly reopening discovery to allow them to inspect Plaintiffs' property is "almost certain" to "lead to relevant evidence." [Doc. No. 159, at 7] (citing *Sil-Flo*, 917 F.2d at 1514 (quoting *Smith*, 834 F.2d at 169)). The Court is persuaded by Defendant's argument that reopening discovery will likely lead to relevant evidence, particularly due to how inspection of the "Current" heaters [Doc. No. 159-1, at 2-3, 5] would likely lead to relevant evidence concerning damage to Plaintiffs' property.

Therefore, upon weighing the six *Sil-Flo, Inc.* factors,[4] Defendant has established good cause to reopen discovery for the limited purpose of allowing Defendant to inspect the "Current" North and South heaters shown in the photographs [Doc. No. 159-1, at 2-3, 5]. As a result, Defendant's Reopen Discovery Motion [Doc. No. 153] is **GRANTED**.

---

[3] Plaintiffs did not "acknowledge" the potential evidence's relevance but stated "whether or not the requested discovery is relevant 'is of no significance absent a proper request for production.'" [Doc. No. 158, at 3 n. 2] (citing *Texas Democratic Party v. Dallas Cnty., Texas,* 3-08-CV-2117-P, 2010 WL 5141352, at *2 (N.D. Tex, Dec. 9, 2010)).
[4] Defendant mentions "at least one additional factor" from *Sil-Flo* [Doc. No. 159, at 7-8 n.6], but the Court is uncertain what "additional factor" to which Defendant refers.

10

**II.     Whether Good Cause is Shown to Compel an Inspection of Plaintiffs' Property**

Plaintiffs argue that Defendant never submitted a "formal" Rule 34 request before the discovery cut-off date of September 1, 2022 [Doc. No. 157, at 1, 7 n.1, 8-9; Doc. No. 158, at 1-8]. However, Defendant submitted a formal Rule 34 request to inspect Plaintiffs' property on June 7, 2024 [Doc. No. 160-5], which is linked to the Compel Inspection Motion [Doc. No. 154] where Defendant "moves to compel Plaintiffs to allow Apache to inspect Plaintiffs' property under Rules 34(a)(2) and Rule 37(a)(3)(B)(iv) of the Federal Rules of Civil Procedure." *Id.* at 2. Because Defendant has shown good cause to reopen discovery, as discussed above, the Compel Inspection Motion [Doc. No. 154] is **GRANTED**, and Plaintiffs shall comply with Defendant's Rule 34 request **ONLY** with respect to the "Current" North and South heaters shown in the April 30, 2024 photographs [Doc. No. 159-1, at 2-3, 5].

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Reopen Discovery Motion [Doc. No. 153] and Compel Inspection Motion [Doc. No. 154] are **GRANTED** as set forth herein. Defendant is allowed to seek discovery **specifically limited to**:

- The "Current" North and South heaters shown in the photographs submitted to Defendant by Plaintiff in a letter dated April 30, 2024 [Doc. No. 159-1, at 2-3, 5].

The related Motion to Expedite Briefing on the Reopen Discovery Motion [Doc. No. 155] and Motion to Expedite Briefing on the Compel Inspection Motion [Doc No. 156] (both requesting Plaintiff's response by June 5, 2024; Plaintiffs responded to both Motions on June 6, 2024) have been rendered **MOOT** due to Plaintiffs response, and Defendant's subsequent reply to both Motions on June 7, 2024.

The Motion to Shorten Plaintiffs' Time to Respond to Apache's Request to Inspect Plaintiff's Property [Doc. No. 161] (requesting Plaintiff's response to Defendant's Rule 34 request to be due June 14, 2024, which has already passed) has also been rendered **MOOT** due to the Compel Inspection Motion [Doc No. 156] being granted.

**IT IS FURTHER ORDERED** that discovery is re-opened, limited only to the items specified above, until **July 5, 2024**.

Moreover, the stipulated deadline to exchange demonstrative exhibits is extended from July 2, 2024 to **July 22, 2024** and the stipulated deadline for objections to be made to the demonstrative exhibits is extended from July 7, 2024 to **July 26, 2024**.

**IT IS SO ORDERED** this 18th day of June, 2024.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge